### IN THE CIRCUIT COURT OF MARYLAND FOR HOWARD COUNTY

| | |
|---|---|
| JEONG SOON KIM<br>8110 Randolph Way, Apt #302<br>Ellicott City, MD 21042<br><br>    Plaintiff<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>6670 Marie Curie Drive<br>Elkridge, MD 21075<br><br>SERVE ON:<br>The Corporation Trust Incorporated<br>Defendant's Maryland Resident Agent<br>2405 York Rd., Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>    Defendant | Case No.: C-13-CV-21-000387 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT

COMES NOW, Jeong Soon Kim, the Plaintiff, by and through John Shin, Esquire, Shin Legal, LLC, Plaintiff's attorneys, and brings this Complaint to demand damages against Defendant, COSTCO WHOLESALE CORPORATION, a foreign corporation registered to do business in Maryland, doing business as "Costco Wholesale" commonly knowns as "Costco", and in support thereof states as follows:

### STATEMENT OF FACTS

1. That the Plaintiff, Jeong Soon Kim, is an adult citizen of the State of Maryland and a resident of Howard County, Maryland.

2. That the Defendant is now, and at all times relevant is and was, a corporation organized in the State of Washington and doing business as a duly registered entity in the State of


EXHIBIT A

Maryland and existing under the laws of the State of Maryland, with its place of business in Howard County, Maryland among other locations.

3. Defendant owns, operates and does business as "Costco Wholesale" also known as simply "Costco" located at 6670 Marie Curie Drive, Elkridge, Maryland 21075 and in the business of wholesale and retail merchandise selling to the public.

4. At all material times, Defendant include and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

5. That Defendant is generally vicariously liable under the theory of *respondeat superior* for the actions and/or inactions of its employees and contractors.

6. Jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in Howard County, Maryland and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference all prior allegations in paragraphs 1-6 contained in this Complaint.

8. On or about June 5, 2018, Plaintiff was on the premises of Defendant store located at 6675 Marie Curie Dr., Elkridge, MD 21075 for the purpose of purchasing various items.

9. After entering the store, Plaintiff proceeded to the warehouse aisles to browse and select items for purchase. Suddenly and without warning, Plaintiff slipped on an unknown substance that is typically not found on the floors of a retail or discount or warehouse store,

possibly small round and jagged shaped hard materials scattered on the floor of the store where she was walking, thus causing her to fall to the floor.

10. That the Plaintiff was taken to the Emergency Room at the University of Maryland hospital and treated for a fractured foot and subsequently placed in a postoperative shoe at the hospital.

11. That Plaintiff has had extreme difficulties bearing weight and walking on the foot which has gradually gotten worse, causing her to not be able to walk without a severe limp.

12. Solely as a result of the failure of the Defendant to properly clear all areas of walkways and points of egress and ingress of store aisles, Plaintiff sustained serious and severe injuries to her person, including, but not limited to, the following injuries: fractured right foot – more specifically fracture of the fifth metatarsal tuberosity; stabbing and aching pain to her foot and hips, hinge on the left hip; inability to control her balance and posture; and plantar fasciatis.

## COUNT I - Negligence

13. Plaintiff incorporates all prior allegations contained in paragraphs 1 through 12 above as if more fully set forth herein at length.

14. Defendant, as owners and operators of the store, or through its agents or employees, had a duty to maintain the floor of the store in a reasonably safe condition for customers to safely walk about the store but failed to do so.

15. Defendant, as owners and operators of the store, or through its agents or employees; allowed a slippery foreign substance to come into contact with and remain on the floor of the store when Defendant, or its agents or employees, knew, or in the exercise of reasonable care, should have known, that the substance created an unreasonable risk of harm to customers in the store.

16. Defendant, as owners and operators of the store, or through its agents or employees, had a duty to maintain the floors in a reasonably safe condition but failed to do so and also failed to adequately warn Plaintiff of the danger presented by the presence of the slippery foreign substance on the floor.

17. The aforementioned incident occurred as a result of and was proximately caused by the careless and negligent conduct of the Defendant.

18. Defendant failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

19. As a result of the aforesaid conduct and breach of care of the Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

## DEMAND FOR JURY TRIAL

20. That Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant of an amount greater than $75,000.00 to be determined at trial, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

Respectfully submitted,
Shin Legal, LLC

John D. Shin
CPF ID No. 9306230323
10440 Little Patuxent Pkwy, Ste 300
Columbia, MD 21044
410.740.5649
410.740.5643 (fax)
*Attorney for Plaintiff*